## Case No. 5,437.

GILLET et al. v. PIERCE et al.

[Brown, Adm. 553.][1]

District Court, E. D. Michigan.    Feb., 1875.

PRACTICE—RIGHT TO JURY TRIAL UNDER THE ACT OF 1845 AND THE REVISED STATUTES.

1. Unless given by statute, there is no right in admiralty to a trial by jury.

2. The act of 1845 was passed upon the assumption that, by the constitution and judiciary act of 1789, admiralty jurisdiction was limited to tide waters; that cases arising upon the lakes were cognizable only in the common law courts, and were consequently triable by jury under the constitution; and that congress could not transfer the jurisdiction in such cases to courts of admiralty, without "saving to the parties the right of trial by jury." Congress did not intend by this clause to grant a new right, but to save one already supposed to exist.

[Cited in The Marine City, 6 Fed. 414; The Erie Belle, 20 Fed. 63; The Empire, 19 Fed. 558; Bigley v. The Venture, 21 Fed. 880.]

3. The assumption upon which the act was passed having been declared to have had no existence, the entire act, including the saving clause of a right to a trial by jury, became inoperative.

4. By the Revised Statutes, however, the law is changed, and the right to a trial by jury is expressly given in the class of cases specified in the act of 1845 [5 Stat. 726].

5. The party demanding a jury must bring himself by his pleadings within the provisions of the act.

Motion of libellants [John R. Gillet and others] to strike from respondents' answer a demand for a jury trial. The action was in personam on a contract for towing certain rafts of timber for the respondents [Jerome

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

Pierce and others] from various places on Lake Huron to Buffalo. The answer admitted the contract, but alleged, by way of defense, negligence and damages in the performance of it, and contained a request that the issue thus joined be tried by a jury.

H. B. Brown, for libellants.

W. A. Moore, for respondents.

LONGYEAR, District Judge. It was conceded that the right of trial by jury, in civil causes of admiralty and maritime jurisdiction, does not exist unless it is expressly given by some statutory enactment; but it was claimed that it is so given by the act of congress of February 26th, 1845, entitled "An act extending the jurisdiction of the district court in certain cases upon the lakes and navigable waters connecting the same" (5 Stat. 726), as retained and embodied in the late revision of the statutes of the United States (section 566).

The history of this legislation is very peculiar. The act of 1845 was passed, as is well understood, on the assumption, and as had been up to that time held by the supreme court, that by the constitution and the judiciary act of 1789, admiralty jurisdiction was limited to tide water, and consequently did not extend to cases arising upon the lakes and navigable waters connecting the same. From this assumption it followed, as a matter of course, that at the time of the passage of that act all such cases were cognizable in the common law courts alone. From this followed, equally of course, the further assumption that the constitution (article 7 of amendments) guaranteed the right of trial by jury in all such cases. And from this followed, equally of course, the further assumption that congress could not transfer the jurisdiction in such cases from the common law to the admiralty courts, without saving that right to suitors, and so the language of the provision in question as originally enacted clearly indicates, "saving, however, to the parties the right of trial by jury of all facts put in issue in such suits, where either party shall require it" (5 Stat. 727). It is therefore clear to my mind that it was the intention of congress by the clause not to grant or confer a right which had no existence without it, but simply to save a right which it was assured was already in existence, and which they had not the power to abrogate. It was a mere saving clause, necessary to make the act constitutional upon the aforesaid theory on which it was based; and it was undoubtedly for that purpose, and that alone, that it was inserted, and not as a positive enactment. Looking at the clause in this light—and I do not see how it can be looked at in any other—it cannot be assumed for a moment that congress had the remotest idea or intention of making a positive grant of a right not already in existence.

But the theory upon which the act of 1845 was based, and consequently the theory upon which the clause in question was made necessary, and the purpose for which it was inserted, have been decided by the supreme court to have had no existence (The Genesee Chief, 12 How. [53 U. S.] 443), and hence that the act itself, as an act extending admiralty jurisdiction as indicated by its title, was inoperative and of no effect (The Eagle, 8 Wall. [75 U. S.] 25). In these cases the supreme court decided that admiralty jurisdiction in this country was not limited to tide water; but on the contrary, that by force of the constitution and act of 1789 [1 Stat. 73], it extended to the lakes and navigable waters connecting the same. From this it followed that at the time of the passage of the act of 1845, the very cases provided for by it, and as to which it assumed to confer jurisdiction upon the admiralty courts as a new jurisdiction, were already cognizable in those courts, and hence that the constitutional provision guaranteeing the right of trial by jury in suits at common law had no application to those cases. In the case of The Genesee Chief, it is true, the court upheld the act, notwithstanding the opinion then promulgated, that the jurisdiction existed independent of it; but in the later case of The Eagle, the court yielded to the only logical result of their former decision, and held that the act itself was useless for the purpose expressed in its title, and for which it was passed; and that inasmuch as the only effect it would have if enforced at all would be to limit instead of extend jurisdiction, contrary to its plain intent and purpose, it was held to be inoperative and of no effect so far as it related to the question of jurisdiction.

This left the clause in question in this shape: In its inception it was the mere saving of a supposed constitutional right; and the necessity of it was because of the supposed pre-existence of such right. Inasmuch, therefore, as no such right did in fact exist, as we have already seen, the clause had nothing to act upon, could save nothing, and, in fact, was inoperative and of no effect, equally with the other provisions of the act. This conclusion seems to me an inevitable and incontestible logical necessity.

I am not unmindful that in the case of The Eagle, the supreme court expressly excepted the clause in question from the effect of their decision holding the act inoperative and of no effect, and that the language made use of by the learned judge who delivered the opinion (the late Judge Nelson), may admit of the construction that the court considered the clause as giving the right of a jury trial in the cases specified in the act. But it is to be observed that the question of the effect of that clause was not directly before them; and it must be presumed that it did not receive that consideration it would have received if it had been before them and fully presented.

I think the greatest effect that can be given to that exception is, that the question as to the effect of that clause, or whether it could be given any effect standing alone as it was left by the decision, was left open and undecided.

If this were all, I should have no difficulty in holding that the clause in question was inoperative and of no effect, and that the libellants' motion to strike out and deny respondents' request for a jury trial ought therefore to be granted. But in the late revision of the United States statutes the revisors and congress, probably looking alone to the language used by the judge in excepting the clause in question from the effect of the decision of the supreme court in the case of The Eagle, supra, have sought to retain it as an existing, effectual enactment, and as an express grant of the right in the cases specified in the act of 1845. In the revision it is embodied in the same section with the general provision of the act of 1789, in relation to trials of issues of fact in the district courts, and the whole section is made to read as follows:

"Section 566. The trial of issues of fact in the district courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, shall be by jury. In causes of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of twenty tons burden or upward, enrolled and licensed for the coasting trade, and at the time employed in the business of commerce and navigation between places in different states and territories upon the lakes and navigable waters connecting the lakes, the trial of issues of facts shall be by jury when either party requires it."

It will be observed that the language, and, it is respectfully suggested, the entire tenor and effect of the clause is wholly and completely changed from what it was in the act of 1845. In that act it was the mere saving of an erroneously supposed pre-existing right. In the revision it is an express grant of a right not previously existing. It is conceded that if retained at all, such change was essential to give the clause any force or effect whatever. The necessity for such change, however, furnishes to my mind an unanswerable argument why it ought not to have been retained, and why it ought to have been omitted from the revision as obsolete and of no effect. The embodiment of the provision in the revision in its changed form furnishes a remarkable instance of the manner in which laws may and sometimes do get upon the statute books without ever having been deliberately enacted. Being there, however, under the forms of legislation, it has become a law of the land, and as such, it must be obeyed. It is respectfully suggested, however, that, without further legislation, it is a mere excrescence upon the jurisdiction of

the admiralty courts, partial in its provisions, impracticable of application in many of the cases sought to be provided for by it, and in some respects impossible of execution so as to do complete justice, for want of the necessary machinery to carry it out to its proper and legitimate results. It is partial, because it includes only a portion of the causes cognizable in the admiralty, and as to those it is limited to such only as arise in a restricted locality. It is impracticable in many cases, because in cases arising upon contracts or torts upon or concerning two or more vessels where one is within the class of vessels specified in the provision and the other is not, as frequently occurs here upon these border waters, two trials may be made necessary, one with a jury and one by the court without a jury, and that upon the same state of facts, and often resulting perhaps in different and opposite judgments, and thus involving inextricable confusion. In some respects it is impossible of execution so as to do complete justice, because no provision is made for a review of cases thus tried, and it thus defeats a valuable right which a party feeling aggrieved would otherwise have. By the constitution (article 7 of amendments), "no fact tried by jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." By these rules the only mode known by which facts tried by a jury may be re-examined, other than by granting a new trial by the court where the issue was tried, is by the award of a venire facias de novo by an appellate court, for some error of law which intervened in the proceedings,—2 Story, Const. (3d Ed.) 548; Knickerbocker Ins. Co. v. Comstock, 16 Wall. [83 U. S.] 258, 269; which mode, however, is not known to proceedings in admiralty, and can have no application to such proceedings without express legislative enactment. The only provision in existence for the review of judgments and decrees in the district courts in civil causes of admiralty and maritime jurisdiction is by appeal. Section 21, Act 1789 (1 Stat. 83). An appeal entitles the parties to a full rehearing upon the facts as well as the law, which, however, cannot be had by the rules of the common law in a case tried by a jury in the district court, and by which rules alone, as we have seen, a case so tried, can be reviewed.

The imperfections and incongruities of the provision have doubtless arisen in a large degree from the mistaken theory upon which the act of 1845 was based, and the peculiar circumstances under which the enactment has found its way into the revision. It is to be hoped that the attention of congress will be speedily called to the matter, when they will undoubtedly repeal the provision or make it general and uniform, applicable alike to all cases and all localities; and at the same time make ample provision for a review of cases thus tried.

If trial by jury in admiralty causes is to be allowed at all, either under the present limited or more extended provisions, I would, if permitted, suggest that it be left to the discretion of the court in each individual case; and that it be accomplished by making up an issue under the direction of the court and sending the same to be tried by a jury on the common law side of the court, as is done in equity causes, and also, I believe, in the English admiralty. This course would do away with some of the difficulties above suggested.

The pleadings do not bring the present case within the provisions of the enactment, it nowhere appearing by the libel or the answer that the vessel concerning which the contract in question arose was "enrolled and licensed for the coasting trade." The motion must, therefore, be granted and a trial by jury denied.

Motion granted.